WIRT ADAMS, STATE REVENUE AGENT, v. JAMES
A. MILLER ET AL.

DRAMSHOPS. *Keeper's bond. Illegal sales away from licensed shop. State revenue agent. Code 1892, §1582.*

An action on a dramshop keeper's bond, given under code 1892, §1582, fixing the conditions of such bonds, cannot be maintained by the state revenue agent because of illegal sales of intoxicants by the principal in the bond made neither in nor about the licensed shop nor on the premises thereunto belonging.

FROM the circuit court of Jackson county.

HON. JAS. H. NEVILLE, Judge.

Adams, state revenue agent, appellant (a representative of the state and of the county), was plaintiff in the court below; Miller (a dramshop keeper), and others (sureties on his dramshop bond), appellees, were defendants there. From a judgment, sustaining defendants' demurrer to the declaration, and dismissing the suit, the plaintiff appealed to the supreme court. The averments of the declaration are sufficiently apparent from the opinion of the court.

The section of the code under which the bond sued upon was given, was as follows:

"1582 (1104). *Bond given and tax paid before license issued.* —Before a license shall be issued the applicant shall give bond with two or more sufficient sureties, to be approved by the board of supervisors or municipal authorities, as the case may be, payable to the state, in the penalty of two thousand dollars, conditioned that the person to whom such license shall be granted, shall, during the continuance of his license, keep a quiet, peaceable, and orderly house for retailing liquors in the district,

city, town, or village, and will not suffer or permit any riotous or disorderly conduct, or any drunkenness, or any unlawful gaming, or any card playing in or about the same, or on the premises thereto belonging, and will not retail or otherwise dispose of liquors to an Indian, minor, or intoxicated person, or to any person in the habit of becoming intoxicated, and will, in all things faithfully observe and keep all the provisions of this chapter; and all such bonds shall be filed, recorded, and carefully preserved in the office of the clerk of the chancery court of the county; and for a breach thereof, recovery of the full penalty may be had by the county, and one-half of such recovery may be paid to the informer. And the applicant for license must pay the tax collector the amount assessed as license taxes to the state as the tax therefor, and produce before him the order granting license to such applicant, and evidence that he has given the required bond, and that it has been approved, and that he has paid to the proper authorities all license money required by law; and the tax collector shall issue to him a privilege tax receipt or license.''

*Charley E. Chidsey*, for appellant.

The appellees were licensed dramshop keepers, the dramshop being located in a house known as the Scranton Hotel. At the time the appellees were conducting a business across the street in a house known as Miller's billiard room. The declaration sets forth that the appellee's servants at the billiard room across the street, would receive orders for drinks, would go with the orders to the dramshop, return with the drinks to the customer at the billiard room and there deliver same and receive pay therefor. The suit is upon the dramshop keeper's bond, and the issue on the demurrer should have been decided in favor of appellant. Black on the Law of Intox. Liq. (1st ed.), sec. 434; *Bagley* v. *State* (Ga.), S. E. Rep., 721; *Bryant* v. *State* (Tenn.), 15 S. W. Rep., 253; *Commonwealth* v. *Holstine*, 132 Pa. St., 357; (s. c. 19 At., 273.)

*W. R. Woods*, for appellees.

Mr. Woods' brief has been lost from the record, and hence the reporter is unable to give a synopsis of his argument.

CALHOON, J., delivered the opinion of the court.

No doubt the judge who presided at the final disposition of this cause below extended the demurrer to the special plea back to the declaration, and sustained it as to that. His conclusion was right, and the demurrer originally filed to the declaration should have been sustained. The action is purely and simply on the bond of the dramshop keepers and their sureties, given under code, § 1582. In the case made by the declaration, neither the principals nor their sureties are liable on that bond, because it is confined to the actions of the licensed dramshop keepers at the place specified in the license for conducting the business. The declaration makes no complaint of any impropriety at that place, but charges that the keepers had, in fact, another place, in another building, and across the street, where they carried on the illegal traffic by making sales. The question whether the principal might be indicted or separately proceeded against by the revenue agent is not involved here; and so Black on Intoxicating Liquors, sec. 434, cited by counsel, has no application. The plaintiff must stand or fall by the bond, because he sues on that.

*Affirmed.*